UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| K2S2, LLC, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:13-CV-2178 |
| § | |
| COUNTRYWIDE HOME LOANS INC. n/k/a § | |
| BANK OF AMERICA NA, *et al*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

**I.**

Before the Court is the lender defendants', Bank of America, N.A., as successor by merger to BAC Home Loans Servicing L.P., Countrywide Home Loans, Inc., the Bank of New York Mellon as Trustee for Securitized Trust CWABS Asset-Backed Certificates Trust 2007-12, CWABS, Inc., and Mortgage Electronic Registration System, Inc., ("lender defendants"), motion for summary judgment seeking dismissal of the plaintiff, K2S2, LLC's pleadings [Doc. No. 15]. K2S2 has responded to the lender defendants' motion [Doc. No. 24], and the matter is properly before the Court. The Court is of the opinion that the motion is well taken and should be granted.

**II.**

The underlying facts establish that Kirk A. Oliver and Josephine J. Oliver executed a real estate Note and Deed of Trust in the amount of $136,679 on or about June 25, 2007, payable to Aegis Wholesale Corporation. In September 2009, the Olivers defaulted on the Note and a Notice of Default issued from Bank of America ("BOA"). The Notice contained admonitions concerning default, cure and acceleration in the event no cure.

1 / 5

One month after the Olivers defaulted, MERS, acting as nominee for Aegis assigned the Note to BAC Home Loans Servicing LP a/k/a Countrywide Home Loans Servicing LP. The record shows that the Olivers failed to cure and BOA caused a non-judicial foreclosure to commence. The firm engaged by BOA sent a Notice of Acceleration and Notice of Substitute Trustee sale to the Olivers on May 21, 2013, informing them of a sale to occur on July 2, 2013. On that same day, K252 filed an original petition in the 133rd Judicial District Court of Harris County, Texas.

### III.

K2S2 contends that it is the record owner of the property by deed from the Olivers dated September 7, 2012. The state court granted a temporary restraining order and set the case for hearing. In the meantime, the case was removed by the lender defendants to this Court on July 25, 2013.

In its original petition, K2S2 contends: (a) that the title and ownership claims of BOA and the Bank of New York are invalid; and (b) that BOA and BAC are in collusion with The Bank of New York and have no legal standing in this suit. Therefore, K2S2 asserts that these parties should be estopped from claiming any lawful interest in the Note or power of sale under the Deed of Trust. The lender defendants deny K2S2's claims and, in turn, assert that: (a) they have standing to foreclose; (b) any lien held by K2S2 is subordinate to the lien held by the lender defendants; and, (c) K2S2's breach of contract, request for declaratory or injunctive relief fail.

## IV.

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A fact is "material" if its resolution in favor of one party might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Id.* If the evidence rebutting the motion for summary judgment is only colorable or not significantly probative, summary judgment should be granted. *Id.* at 249-50; *see also Shields v. Twiss*, 389 F.3d 142, 149-50 (5th Cir. 2004).

Under Rule 56(c) of the Federal Rules of Civil Procedure, the moving party bears the initial burden of "informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue for trial." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 - 87 (1986); *Adams v. Travelers Indem. Co. of Connecticut,* 465 F.3d 156, 163 (5th Cir. 2006). Where the moving party has met its Rule 56(c) burden, the nonmovant must come forward with "specific facts showing that there is a *genuine issue for trial."  Matsushita*, 475 U.S. at 586-87 (quoting Fed. R. Civ. P. 56(e)) (emphasis in original); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); and *Adams*, 465 F.3d at 164. To sustain the burden, the nonmoving party must produce evidence admissible at trial showing that reasonable minds could differ regarding a genuine issue of material fact. *Anderson*, 477 U.S. at 250-51; 255; *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998). In deciding a summary judgment motion, "[t]he evidence of the nonmovant

is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson,* 477 U.S. at 255.

## V.

K2S2 challenges the lender defendants' right to foreclose are based "upon information and belief." This basis is hardly sufficient to overcome summary judgment where the facts upon which the lender defendants rely are not contested. K2S2 does not dispute the following facts:

a. On June 25, 2007, the Olivers executed - in favor of Aegis Wholesale Corporation - a $ 126,697.00 Note and Deed of Trust secured by property located at 9350 Cold River Court, Humble, Texas 77396. Bank of America. N.A. successor by merger to BAC Home Loans Servicing LP /k/a Countrywide Home Loans Servicing LP serviced the Loan;

b. The Olivers defaulted on their mortgage loan and Bank of America subsequently sent them a Default Notice via certified mail on September 8, 2009;

c. On October 12, 2009, MERS, acting as nominee for Aegis Wholesale Corporation - the original lender, assigned the Olivers' Loan to BAC Home Loans Servicing LP f/k/a Countrywide Home Loans Servicing LP;

d. On May 21, 2013, Bank or America's foreclosure counsel, Barrett Daffin, sent a Notice of Acceleration and Notice of Substitute Trustee Sale to the Olivers advising them that the Property would be sold at a substitute trustee sale on July 2, 2013; and,

e. At no time did Bank or America ever agree in writing to the Olivers' sale, transfer, assignment, or any other conveyance of the Property. Nor did Bank or America ever waive the underlying debt evidenced by the Note.

Based on those undisputed facts the Court concludes that the lender defendants have standing even though it may be argued that the documents relied upon were unrecorded. Nevertheless, as against the Olivers, (a) any transfer or assignment of the Note and Deed of Trust is binding; *see* Tex. Prop. Code Ann. § 13.001(b)(Vernon 2003); *see also Cervantes v. U.S. Bank N.A.,* No. 3:12-CV-0661-D, 2012 WL 1605558 at 3 (N. D. Tex. May 8, 2012); (b) the lien held by K2S2 is inferior or subordinate and subject to the lender defendants' lien; *see Kothari v. Oyervidez,* 373 S.W.3d 801, 807 (Tex. App. Houston [1st Dist.] 2012, pet. denied); and, (c) K2S2 is not and never was a party to the original transaction.

Moreover, there is no evidence that K2S2 cured the Olivers' default, thereby putting itself in an equity position.

Based on the foregoing undisputed facts and the conclusions of law, the Court is of the opinion that the lender defendants are entitled to a summary judgment.

It is so Ordered.

SIGNED on this 18th day of August, 2014.

_____
Kenneth M. Hoyt
United States District Judge